# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

*OF THE STATE OF NEW-JERSEY.*

JANUARY TERM, 1841.

---

ALICE A. V. MANNERS and JANE MARIA MANNERS v. JOHN S. MANNERS and others.

Equity is not the proper forum, nor is a bill for partition the proper action, for trying the legal title to lands.

Where, upon a bill for partition, the defendants dispute the complainants' title, the rule in equity is to retain the suit until the complainants shall establish their right at law.

THE complainants filed their bill for the partition of a farm in the county of Hunterdon; to one equal undivided fourteenth part of which they claimed title, under the will of John Manners, deceased. The defendants, by their answer, insisted, that the complainants, under the will, acquired no title to the premises whereof partition was sought to be made. No other objection was raised to the partition, and the only point made by the pleadings was, the true construction of the will of the said testator. The case was submitted upon written argument, both parties desiring that the question of title should be settled by the court.

*Saxton*, for complainants.

*Halsted*, for defendants.

THE CHANCELLOR. The complainants are children of Abraham Manners, deceased, and claim to have title, each, to one fourteenth part of a certain farm in the county of Hunterdon, and seek, by their bill, to have a partition of the same, according to the practice of this court. The rights of these complainants depend entirely upon the construction of the devise made to David Manners, their grandfather, by the will of John Manners, which bears date on the 30th of November, 1805. They contend that the remainder vested, at the death of the testator, and was capable of being conveyed by their grandfather, or of descending to his heirs at law. This construction is resisted by the defendants, who contend that the remainder was contingent, and, as the father of the complainants died before their grandfather, no estate whatever in the lands descended to the complainants. The facts, as stated by the bill, are admitted by the answer.

Thus, it will be seen, that this is a case of disputed title to lands, and the reason for declining a partition by the defendants, is, that the complainants have no rights in the premises. This is not the action, or the forum, to try a question of this character; and every rule of propriety forbids that a suit for partition should be made a mode of trying the legal title to lands. The rule in such case, is, to retain the suit until the complainants shall establish their rights at law: *Douglass*, 773; 2 *Vernon*, 232; 1 *Johns. Ch.* 111; 4 *Johns. Ch.* 271. A contrary practice could answer no valuable purpose, as neither party would be bound by the decision here made. When the complainants satisfy the supreme court of their right, (which is the only proper tribunal to determine that question,) it will then be time to seek for a partition. If a partition should now be ordered, and upon a trial at law it should be adjudged that the complainants had no title, injustice would be done the defendants.

[Manners v. Manners.]

It is the legal title alone, in this case, that creates any difficulty, and not an equitable one. I shall retain this suit, to the end that the complainants may, without any unreasonable delay, obtain a decision at law upon their title, and leave the cause open, with the privilege to either party to apply for further order in the same.