Dewitt *v.* Ackerman et al.

JOHN P. DEWITT *vs.* RICHARD H. ACKERMAN and others.

1. A bill for partition will not lie where the title is denied, or depends on doubtful facts or questions of law.

2. Where, upon a bill for partition, the title is denied, equity may retain the suit to give the complainant an opportunity to establish his title at law. But there is no room for the exercise of the power, where the defendant has established a valid title to the premises in dispute.

*Mr. Barkalow,* for complainant.

*Mr. Hopper* and *Mr. Woodruff,* for defendants.

THE CHANCELLOR. The bill is filed for the partition of two lots of land in the county of Passaic. The complainant claims title to a share of an equal undivided half part of the land, under the will of Elizabeth Dewitt. At the date of the will, the land was subject to a mortgage, which was subsequently foreclosed. Both lots were sold by virtue of an execution, issued upon the decree. The purchaser at the sheriff's sale conveyed the entire premises to Richard H. Ackerman, one of the defendants, who is in possession, claiming title. The only question in controversy between the parties is, whether the mortgage covered the whole, or only an undivided half of the lands devised. It is not denied that the sheriff's deed, and the subsequent deed to Ackerman, covered the whole of the land,

This is not a proper case for partition. The defendant is in possession, claiming title, and under color of a deed covering the entire premises. A bill for partition will not lie where the title is denied, or depends on doubtful facts or questions of law. *Manners* v. *Manners,* 1 *Green's Ch. R.* 384; *Van Riper* v. *Berdan,* 2 *Green's R.* 132; *Wilkin* v. *Wilkin,* 1 *Johns. Ch. R.* 111; *Coxe* v. *Smith,* 4 *Johns. Ch. R.* 271; 2 *Barb. Ch. Pr.* 285.

Where the title is denied, the court may retain the bill to give the party an opportunity to establish his title at law. But this course would not avail the complainant in the present case. The decree and the execution in the foreclosure suit authorized the sale of the entire premises. The title of Ackerman is, therefore, unquestionably valid at law. The real point of the controversy is, whether the mortgage covered the entire premises; and whether the decree and execution were, in fact, warranted by the terms of the mortgage. As the evidence has been taken in full, and the question involved submitted for the decision of the court without objection by either party, it may be proper, to save further controversy, to state that I see no ground upon which the complainant can, in any form of proceeding, establish his claim to relief. Independently of the parol evidence, the terms of the mortgage are sufficiently broad to cover the entire premises, and to warrant the execution and the sale as made by the sheriff.

The bill must be dismissed.