62  365
63  754
a63  803

Louis Hanneman et al.

*v.*

Matilda Richter et al.

[Filed December 24th, 1901.]

1. To a bill, one purpose of which was a partition of lands to which complainants claimed title under a will set out in the bill, a defendant filed a demurrer on the ground that, by the true construction of the will, complainants had no title in the lands.—*Held*, that there was thus disclosed a dispute in respect to title which should be settled at law before this court should proceed to a partition. *Quære.* Whether, upon such a pleading, the bill should be retained until the title has been settled at law.

2. Where such a bill also seeks discovery and relief upon charges that a person who, by complainants' construction of the will in question, was a tenant in common, and who, at her death, by her will, had devised her interest so that complainants were entitled to a share thereof, and upon further charges that the demurring defendant had such last-mentioned will in her possession or under her control and refused to produce and prove it, or to permit complainants to do so.—*Held*, that upon a demurrer to the bill in respect to such relief, this court was bound to construe the will in question and determine whether complainants had a right to the discovery prayed.

On demurrer.

*Mr. Charles H. Hartshorne,* for the complainants.

*Mr. Charles J. Roe,* for the demurrants.

Magie, Chancellor.

The bill in this case was filed by Louis Hanneman as the surviving husband of Amanda Hanneman, deceased, *nee* Ludemann, and by Elsie Louise Hanneman, the sole heir-at-law of the said Amanda Hanneman, deceased.

One purpose of the bill is the partition of lands in the county of Hudson.

The bill charges that the lands in question belonged to one

Henrietta Ludemann, who died in January, 1878, leaving a will which is set out in full in the bill. Complainants claim that the testatrix thereby devised the lands in question to her two daughters, viz., Amanda, who became the wife of Louis Hanneman and the mother of Elsie Louise Hanneman and Matilda, who married one Richter, who has since died, and Hermina Elizabeth King, or Koenig, testatrix's sister, so that each of the said devisees became seized of a one-third part as tenant in common with the others.

The bill shows the death of Amanda Hanneman and of Hermina Elizabeth King.

To this bill Matilda Richter, who was made a defendant, has demurred upon the ground that by the true construction of the will of Henrietta Ludemann, complainants have no title to the lands in question and consequently no right to a partition thereof.

In the argument, counsel for demurrant has insisted that, by the will of Henrietta Ludemann, the title to the whole of the lands in question is vested in Matilda Richter as the survivor of her sister and her aunt.

If this defendant had answered the bill and set up a title adverse to that of complainants, or disputed their title making discovery of her title, or showing wherein complainants' title is defective, as was said by Chancellor Williamson to be the proper mode of pleading (*Lucas* v. *King, 2 Stock. 277*), a case would be presented in all respects like that dealt with in this court in *Manners* v. *Manners, 1 Gr. Ch. 384*. In that case Chancellor Pennington declined to proceed with a partition on the ground that the title to the lands sought to be partitioned was in dispute and should be settled at law before partition was decreed. The practice thus indicated has been followed in this court and approved in the court of errors, as will appear from the cases collected. *Slockbower* v. *Kanouse, 2 Dick. Ch. Rep. 481*.

If the sole object of this bill was a partition of the lands in question, I think I should be obliged to refuse to proceed in the cause, though it might be open to discussion whether I should, upon demurrer, retain the bill to permit the title to be settled by appropriate proceedings at law.

The bill, however, has another purpose. Complainants charge that Hermina Elizabeth King died leaving a will whereby she devised her interest in said lands to her two nieces, viz., Amanda, under whom complainants claim, and Matilda Richter, the demurrant. It further charges that Matilda Richter has that will in her possession or under her control and that she refuses to present the same for probate, or to permit complainants to do so. Upon these charges complainants pray that Matilda Richter may be decreed to produce and deliver up the will to be proved and recorded.

In this aspect this is a bill for discovery and relief, appropriate thereto, and to the partition otherwise prayed.

But it is obvious that complainants' right to discovery depends upon the construction of the will of Henrietta Ludemann. If, by the terms of that will, Hermina Elizabeth King became tenant in common of an undivided one-third of the lands in question, then, upon the charge that at her death she devised one-half of her share to her niece Amanda, under whom complainants claim, complainants are entitled to have her will produced and proved. If, on the other hand, Matilda Richter became the sole owner of the lands in question, complainants acquired no right to the discovery and production of the will of Hermina Elizabeth King, so far as this case is concerned.

Since relief, by discovery, cannot be obtained by an action at law but only by a bill in equity, this demurrer, which is interposed both with respect to discovery and relief, requires the consideration and determination of the will of Henrietta Ludemann and the effect thereof on the lands in question.

The will of Henrietta Ludemann, or so much thereof as affects the lands in question, is as follows:

"I give and bequeath to my beloved husband, Henry Ludemann, in trust for my two daughters, Amanda and Matilda M. G. Ludemann, and my sister, Hermina Elizabeth King, of Hamberg, in Germany, until my two daughters aforesaid shall have arrived at the age of twenty-one years, all my real estate situated in the township of West Hoboken aforesaid, in three equal shares, share and share alike, as they three shall determine, after my youngest daughter aforesaid shall have arrived at the age of twenty-one years, * * * and if any or either of the three devisees aforesaid should die prior to the execution of the trust aforesaid, then and in that case, the real estate aforesaid shall go to the survivors or survivor of them."

The bill shows that the three devisees named in said clause were alive when the youngest of the daughters of testatrix arrived at the age of twenty-one years. It does not show that they did anything with respect to a division of the lands before the two devisees died leaving demurrant the survivor.

Her claim is that the death of two of the devisees occurred "prior to the execution of the trust," and that by the express words of the last sentence of the above quotation, the real estate devised went to her as the sole survivor.

But this construction is inadmissible. The trust created in the husband of testatrix is expressly limited in point of time to the period intervening between the death of testatrix and the coming of age of the youngest daughter. The time thus limited is not extended by the phrase "as they three shall determine," for that phrase did not alter the express division into three equal shares, and plainly did no more than express the right which the beneficiaries had, if any, to divide the lands in question.

This construction, however, does not dispose of the question raised, for it will be observed that while there is a devise to the husband in trust for a fixed period and an express provision that death before that period had elapsed will cast the estate upon the survivors or survivor, there is no express provision in case all the beneficiaries survive that period.

If no provision for that contingency was made by this will, and the testatrix died intestate in respect to the remainder after the trust, her estate descended to her two daughters, and the complainants are entitled to partition as being seized of the undivided one-half that upon that construction descended to Amanda.

The testatrix cannot be presumed to have intended to die intestate with respect to any part of the real estate in question.

A devise, by implication, will be recognized where the testatrix used the words manifesting an intent to give by so strong a probability that the contrary intent cannot be supposed to have existed in her mind. *Denise* v. *Denise, 10 Stew. Eq. 163; Barnard* v. *Barlow, 5 Dick. Ch. Rep. 131; S. C., 6 Dick. Ch. Rep. 620.* Testatrix's purpose that the same interest in the three

Chesapeake and Ohio Ry. Co. *v.* Atlantic Transportation Co.

beneficiaries should exist after her youngest daughter had come of age, is clearly expressed in the clause providing for their dividing the lands. The gift to the survivors or survivor of the three in case of the death of one or more before the period had elapsed, shows an intent to dispose of all the interest in the lands in question in case all of the three beneficiaries survived beyond that period.

The result is that, upon the construction I give to this will, the three devisees took an estate, when the youngest daughter came of age, as tenants in common in equal shares. Complainants are therefore entitled to discovery of the will of Hermina Elizabeth King, and the demurrer must therefore be overruled.

If the defendant answers, making discovery and setting up an adverse title upon the construction of the will which she claims, there may then arise a question whether this court, having acquired jurisdiction to award relief by discovery, may not proceed to determine all the questions in the case, or whether upon proceedings to partition it should require the title to be settled by an action at law.