The bill is for partition of lands of which Elizabeth S. Campbell died seized, among her three children and a child of a deceased son. Mrs. Campbell had no children by her second husband, William S. Campbell. He is made a party defendant as administrator of his deceased wife's estate, presumably because he collected rents. He is also a defendant individually. He is not a proper party to the suit in either capacity. He had no issue by his wife, and consequently has no curtesy in the land. Nor has he an estate under the act of 1926 (P.L. p. 77), which provides that husband and wife inherit from each other only if the deceased spouse dies without lawful issue. Here the wife left children. If he, as administrator, collected rents, he did so as a stranger to the land and must be made to respond in some other action. He ought to be dismissed from the bill. That will leave the case clear for partition among the heirs.
Upon partition among the heirs, the leasehold of the Ocean Grove property, under right of perpetual renewal, will be adjudged to be partable realty, upon the dictum in Ocean GroveCamp Meeting Assn. v. Reeves, 79 N.J. Law 334. If Campbell, the husband, is permitted to stay in the cause, the court will refuse to pass on the issue of title raised by him, viz., that the lease is personal property and passed to the deceased's personal representative as personal property. That is a question for the law courts. Manners v. Manners, 2 N.J. Eq. 384;Dewitt v. Ackerman, 17 N.J. Eq. 215; Hanneman v. Richter,62 N.J. Eq. 365. *Page 296